UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMMY B WEAVER,

         Plaintiff,

    v.

NATHAN SMITH et al.,

         Defendants.

CASE NO. 3:21-CV-05203-RAJ-DWC

ORDER

Plaintiff, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by May 21, 2021 to cure the deficiencies identified herein.[1]

---

[1] Plaintiff's Motion for Leave to Procced *In Forma Pauperis* ("Motion to Proceed IFP") is pending before the Court. Dkt. 4. As it is unclear if Plaintiff can cure the deficiencies of the Proposed Complaint, the Court declines to rule on the Motion to Procced IFP until Plaintiff responds to this Order to Show Cause or Amend.

ORDER - 1

## I. Background

Plaintiff, a prisoner in the custody of the Washington State Department of Corrections ("DOC"), alleges Defendant Patricia Selfridge violated a no-contact order and assaulted Plaintiff in 2007 or 2008 and perjured testimony in 2009. Dkt. 1-1 at 6. Plaintiff alleges Defendant Jay Baron Griffin assaulted Plaintiff in 2009. *See id.* at 7-8.

Plaintiff also alleges employees of the Mason County Sheriff's Department violated his constitutional rights in 2019 during an arrest for violating a no-contact order. Dkt. 1-1 at 4. Plaintiff alleges on January 5, 2019, he was followed and pursued for suspicious activity and arrested the following day for violating a no-contact order because his ex-spouse, Defendant Selfridge. *Id.* at 4-5.

Plaintiff seeks monetary damages. Dkt. 1-1 at 9.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's Proposed Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

A. <u>Statute of Limitations</u>

In his Proposed Complaint, Plaintiff alleges his rights were violated in 2007, 2008, and 2009 when Defendant Selfridge violated a no-contact order, assaulted Plaintiff, and perjured testimony. Dkt. 1-1. Plaintiff also alleges in 2009, Defendant Griffin assaulted Plaintiff by striking him on the head, beating Plaintiff with a large metal flashlight, hitting Plaintiff with a large tree branch, and shooting Plaintiff with a BB-gun. Dkt. 1-1 at 8. Plaintiff states he is waiting on a public information disclosure request to determine the exact month, day, and time. *Id.* at 6.

A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash. App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal

charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

Plaintiff filed this lawsuit on March 14, 2021. Dkt. 1, 1-1 (date signed by Plaintiff) Therefore, any claim arising prior to March 14, 2018 is barred by the statute of limitations. In the Proposed Complaint, Plaintiff alleges several incidents giving rise to this case occurred in 2007, 2008, and 2009. Dkt. 1-1. From the allegations contained in the Proposed Complaint, Plaintiff had actual notice of the underlying facts in this case more than ten years prior to filing this lawsuit. *See* Dkt. 1; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). As such, this case is untimely. Plaintiff has not shown statutory or equitable tolling is applicable. *See* Dkt. 1-1. Therefore, Plaintiff must show cause why this case should not be dismissed as untimely.

B.  Heck Bar

While unclear, the allegations in the Proposed Amended Complaint related to Plaintiff's 2019 arrest, appear to relate to Plaintiff's subsequent criminal conviction. Dkt. 1-1. The Court finds Plaintiff's conviction would be invalidated if he were to prove the allegations in the Proposed Amended Complaint. Thus, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S 477 (1994).

A plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the

imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A "§ 1983 action is barred (absent prior invalidation) –no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) –*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Here, Plaintiff's allegations stem from his arrest and ultimate convictions of violating a no-contact order and assault. *See* Dkt. 1. He alleges his rights were violated because the arrest caused embarrassment, defamation of character, and loss of property. Dkt. 1-1 at 5. If Plaintiff proves the allegations in the Proposed Complaint, it could be grounds for invalidation of his underlying conviction. For example, if Plaintiff proves he was unlawfully arrested, it is possible the charges for violating the no-contact order could be invalidated. Thus, if the Court were to grant Plaintiff the relief requested in the Proposed Compliant his underlying convictions could be invalidated.

As Plaintiff's allegations amount to an attack on the constitutional validity of his underlying convictions, the Proposed Amended Complaint may not be maintained under § 1983 unless Plaintiff can show the convictions have been invalidated. *See Heck*, 512 U.S. at 486-87; *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). Plaintiff does not allege his convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. As Plaintiff's current convictions have not been reversed and as the validity of the convictions would be called into question if Plaintiff were to

prove the facts of this case, his claims are barred by *Heck*. Therefore, Plaintiff must also show cause why the Proposed Complaint should not be dismissed as *Heck* barred.

### C. Personal Participation

Plaintiff names several Mason County Sheriff's Office employees as Defendants: Nathan Smith, Sean Dodge, Kelly LeFrance, and Dave Willard. Dkt. 1-1.  However, Plaintiff fails to state the alleged wrong-doing of any of these Defendants in this case. Plaintiff fails to explain what actions or inactions by Defendants resulted in constitutional violations.

Plaintiff's conclusory allegations are insufficient to show Defendants Nathan Smith, Sean Dodge, Kelly LeFrance, and Dave Willard personally participated in the alleged constitutional violations. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). Therefore, if Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement explaining exactly what each Defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

### D. Improper Parties

With respect to Plaintiff's allegations against Defendants Selfridge and Griffin, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).  A private individual's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted).  The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Id*. at 445.  Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. *Lee v.*

*Katz*, 276 F.3d 550, 554 (9th Cir. 2002). Plaintiff's allegations do not satisfy any of these four tests. Plaintiff has not alleged any state involvement in Defendant Selfridge or Defendant Griffin's actions. Because Plaintiff may not pursue actions against a private party absent facts showing how the private individual's actions amount to state action, Plaintiff fails to state a claim against Defendant Selfridge or Defendant Griffin

Plaintiff has named the Mason County Sheriff's Office and Mason County Prosecutor's Office as a Defendants. *See* Dkt. 1-1 at 1. These are not legal entities capable of being sued under § 1983. Rather, Mason County, a municipality, would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not named Mason County as a defendant or alleged facts to show Mason County is liable. *See* Dkt. 1-1. If Plaintiff seeks to sue Mason County, he must name Mason County as a defendant and allege facts sufficient to meet the required elements of a claim against a municipality and show Mason County violated his constitutional rights.

|   |   |
|---|---|
| 1 | E. <u>Request to Prosecute</u> |

While unclear, Plaintiff may also be requesting Defendant Selfridge and Defendant Griffin both who appear to be private parties, be criminally charged for their actions related to the 2007, 2008, and 2009 incidents. *See* Dkt. 1-1. "[T]he decision to file criminal charges is solely within the authority of prosecutors[.]" *Johnson v. U.S.*, 2014 WL 2621359, *5 (N.D. Cal. June 12, 2014); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wash. App. 201, 213-14 (2013) ("the power to prosecute criminal acts is vested in public prosecutors"). As the decision to prosecute Defendant Selfridge or Defendant Griffin is solely within the purview of the state prosecutor's office, Plaintiff cannot seek to compel a prosecutor's office to bring criminal charges against Defendant Selfridge or Defendant Griffin. Therefore, Plaintiff has failed to state a claim for which relief can be granted as to this claim and Plaintiff must show cause why this claim should not be dismissed.

### III.  Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court:  (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

1 | and not a copy, it should contain the same case number, and it may not incorporate any part of
2 | the Proposed Complaint by reference. The amended complaint will act as a complete substitute
3 | for the Proposed Complaint, and not as a supplement. *See Forsyth v. Humana, Inc.,* 114 F.3d
4 | 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693
5 | F.3d 896 (9th Cir. 2012). The Court will screen the amended complaint to determine whether it
6 | contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights.
7 | As stated above, attachments will not be considered as a substitute for the amended complaint
8 | itself. Therefore, Plaintiff is directed to include all allegations and relevant facts in the body of the
9 | amended complaint. The Court will not authorize service of the amended complaint on any
10 | Defendant who is not specifically linked to a violation of Plaintiff's rights.

11 |     If Plaintiff fails to file an amended complaint or fails to adequately address the issues
12 | raised herein on or before May 21, 2021 the undersigned will recommend dismissal of this case.
13 |     The Clerk is directed to:
14 |     1. Send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights
15 |        complaint and for service;
16 |     2. Send copies of this Order and Pro Se Instruction Sheet to Plaintiff; and
17 |     3. Re-note the Motion to Proceed IFP (Dkt. 4) for May 21, 2021.
18 |
19 |     Dated this 21st day of April, 2021.

David W. Christel
United States Magistrate Judge