UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMMY B WEAVER,

          Plaintiff,

   v.

NATHAN SMITH et al.,

          Defendants.

CASE NO. 3:21-CV-05203-RAJ-DWC

ORDER

Plaintiff, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff, a prisoner in the custody of the Washington State Department of Corrections ("DOC"), alleges Defendant Patricia Selfridge violated a no-contact order and assaulted Plaintiff in 2007 or 2008 and perjured testimony in 2009. Dkt. 1-1 at 6. Plaintiff alleges Defendant Jay Baron Griffin assaulted Plaintiff in 2009. *See id.* at 7-8. Plaintiff also alleges employees of the Mason County Sheriff's Department violated his constitutional rights in 2019 during an arrest for violating a no-contact order. Dkt. 1-1 at 4. Plaintiff alleges on January 5, 2019, he was followed and pursued for suspicious activity and arrested the following day for violating a no-contact order. *Id.* at 4-5.

ORDER - 1

1    On April 21, 2021, the Court found Plaintiff failed to state a claim upon which relief can

2 be granted. Dkt. 6. The Court provided Plaintiff with leave to file an amended pleading by May

3 21, 2021 to cure the deficiencies. Dkt. 6.[1] The Court warned Plaintiff it would recommend

4 dismissal of this action if Plaintiff did not correct the deficiencies of the Proposed Complaint.

5 *See id.*

6    On April 29, 2021, Plaintiff filed his Response to the Court's Order to Show Cause

7 ("Response") wherein Plaintiff states he has made several inquiries/requests to the Mason

8 County Prosecutor's Office as to why no investigation or action has taken place and has not

9 received a response. Dkt. 7. Plaintiff also appears to reiterate some of his claims in a brief

10 manner. *See id.* On June 1, 2021, Plaintiff filed a Motion to Stay, seeking a stay of 90-days in

11 this case, along with several other cases in this district, while he awaits public disclosure

12 information records. Dkt. 8. Plaintiff also states he named an incorrect defendant. *See id.*

13    While Plaintiff has not explicitly requested an extension of time, the Court interprets

14 Plaintiff's Response and Motion to Stay as a request for extension to file an amended complaint.

15 Therefore, in an abundance of caution, the Court grants the Motion to Stay in part and grants

16 Plaintiff an additional 60 days to file an amended complaint. Plaintiff's amended complaint is

17 due on or before August 15, 2021.[2]

18    Plaintiff shall present the amended complaint on the form provided by the Court. The

19 amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

---

22 [1] Plaintiff's Motion for Leave to Procced *In Forma Pauperis* ("Motion to Proceed IFP") is also pending before the Court. Dkt. 4. As it is unclear if Plaintiff can cure the deficiencies of the Proposed Complaint, the Court declines to rule on the Motion to Proceed IFP until Plaintiff responds to this Order to Show Cause or Amend.

23 [2] To the extent Plaintiff also requests a stay of Case No. 21-cv-5340-RSM and Case No. 21-cv05019-MJP-SKV, the undersigned does not have any jurisdiction over other cases filed by Plaintiff in this district. *See* Dkt. 8.

24 Therefore, the request is denied.

ORDER - 2

and not a copy, it should contain the same case number, and it may not incorporate any part of the Proposed Complaint by reference. The amended complaint will act as a complete substitute for the Proposed Complaint, and not as a supplement. *See Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. As stated above, attachments will not be considered as a substitute for the amended complaint itself. Therefore, Plaintiff is directed to include all allegations and relevant facts in the body of the amended complaint. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before August 15, 2021 the undersigned will recommend dismissal of this case.

The Clerk is directed to:

1. Send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service;
2. Send copies of this Order and Pro Se Instruction Sheet to Plaintiff; and
3. Re-note the Motion to Proceed IFP (Dkt. 4) for August 15, 2021.

Dated this 15th day of June, 2021.

David W. Christel
United States Magistrate Judge