UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMMY B. WEAVER,

              Plaintiff,

v.

NATHAN SMITH, et al.,

              Defendants.

CASE NO. 3:21-cv-05203-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: November 5, 2021

    The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Plaintiff Sammy B. Weaver, proceeding *pro se*, initiated this civil rights action on March 19, 2021. *See* Dkt. 1. Plaintiff has not responded to the Court's orders directing him to file an amended complaint. Therefore, the Court recommends this case be dismissed and the Motion for Leave to Proceed *In Forma Pauperis* ("IFP") be denied.

    Plaintiff, a prisoner in the custody of the Washington State Department of Corrections ("DOC"), alleges Defendant Patricia Selfridge violated a no-contact order and assaulted Plaintiff in 2007 or 2008 and perjured testimony in 2009. Dkt. 1-1 at 6. Plaintiff alleges Defendant Jay Baron Griffin assaulted Plaintiff in 2009. *See id.* at 7-8. Plaintiff also alleges employees of the

1    Mason County Sheriff's Department violated his constitutional rights in 2019 during an arrest for
2    violating a no-contact order. *See id*. at 4.
3        On April 21, 2021, the Court found Plaintiff failed to state a claim upon which relief can
4    be granted. Dkt. 6. The Court provided Plaintiff with leave to file an amended pleading by May
5    21, 2021 to cure the deficiencies. Dkt. 6. The Court warned Plaintiff it would recommend
6    dismissal of this action if Plaintiff did not correct the deficiencies of the Proposed Complaint.
7    *See id*.
8        On April 29, 2021, Plaintiff filed his Response to the Court's Order. Dkt. 7. And, on June
9    1, 2021, Plaintiff filed a motion to stay, seeking a stay of 90-days in this case, along with several
10   other cases in this district, while he awaited public disclosure information records. Dkt. 8. The
11   Court interpreted Plaintiff's Response and motion as a request for an extension of time to file an
12   amended complaint and, on June 15, 2021, granted Plaintiff a 60-day extension, or until August
13   15, 2021, to file his amended complaint. Dkt. 9. The Court warned Plaintiff that failure to file an
14   amended complaint or address the issues raised in the April 21 Order would result this Court
15   recommending dismissal of this action. *Id*. at 3.
16       On July 30, 2021, Plaintiff filed another motion to stay. Dkt. 10. The Court denied the
17   stay, but granted Plaintiff an extension of time to file an amended complaint. The amended
18   complaint was due on or before September 24, 2021. Dkt. 11. The Court again warned Plaintiff
19   that it would recommend dismissal of this action if Plaintiff did not correct the deficiencies of the
20   Proposed Complaint or otherwise respond to the April 21 Order. *Id*. at 3.
21       Plaintiff has failed to comply with the Court's orders. He has not filed a response to the
22   April 21 Order or June 15 Order or filed an amended complaint. Further, as discussed in the
23   April 21 Order, Plaintiff has failed to state a claim upon which relief can be granted. *See* Dkt. 6.
24

1  Therefore, the Court recommends this case be dismissed without prejudice for failure to follow a
2  Court order and failure to provide a servable complaint.
3      In conclusion, the Court recommends this case be dismissed without prejudice for failure
4  to follow a Court order and failure to state a claim upon which relief can be granted. The Court
5  also recommends Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 4) be denied as moot.
6  As Plaintiff failed to state a claim upon which relief could be granted, the Court finds this case
7  should be considered a "strike" under 28 U.S.C. § 1915(g).
8      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
9  Procedure, the parties shall have fourteen (14) days from service of this Report to file written
10 objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
11 objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time
12 limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on
13 November 5, 2021, as noted in the caption.
14     Dated this 20th day of October, 2021.

*[signature]*

David W. Christel
United States Magistrate Judge